UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN G. BIGWARFE,

                              Plaintiff,

       v.                                        7:09-cv-1126

DAVID WHITTON, JASON WHITTON,
STEVEN YOUNG, GORDON AYEN, and
VILLAGE OF GOUVERNEUR,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff Alan Bigwarfe commenced the instant action against Defendants David

Whitton, Jason Whitton, Steven Young, Gordon Ayen, and the Village of Gouverneur arising

out of his arrest.  Presently before the Court is Defendants' motion for summary judgment

pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety.

## I.      FACTS

       At all times relevant hereto, Plaintiff was on parole.  Under the terms of his parole,

Plaintiff had a curfew from 9:00 p.m. to 6:00 a.m. every day and he was prohibited from

consuming alcohol or being in an establishment the primary purpose of which was for the

consumption of alcohol.

       In the early morning hours of November 19, 2006 (after 9:00 p.m. and before 6:00

a.m.), Plaintiff was walking with two women on West Main Street in the Village of

Gouverneur.  Plaintiff was under the influence of alcohol and was carrying beer in a duffel

bag.  One of the women accompanying Plaintiff stepped off the curb into the lane of traffic.

Thereafter, Plaintiff and the two women were approached by Defendants Jason Whitton and

Young, police officers in the Village of Gouverneur, in a marked police car.  Plaintiff

submitted to a breathalyzer test.  The test indicated a blood alcohol content of .14.

According to Jason Whitton, he determined to charge Plaintiff later in the day with unlawfully

providing alcohol to a minor and directed Plaintiff and his companions to go home.  Plaintiff

then proceeded to the local VFW.  Whitton claims that he saw Plaintiff standing outside the

VFW, that he knew alcohol was served at the VFW, and he knew that Plaintiff continued to

be out beyond his curfew.  Accordingly, Whitton and Young proceeded toward the VFW.

Plaintiff observed Whitton and Young drive into the driveway of the VFW.  Plaintiff

ran inside the VFW and locked himself in the women's bathroom.  Plaintiff initially refused to

come out of the bathroom.  When management at the VFW offered to remove the door

hinges for the officers, Plaintiff came out of the bathroom.  Plaintiff claims that Whitton then

grabbed Plaintiff by the front of his shirt (tearing the shirt) and forced him against the wall

while applying handcuffs.  Defendants deny that Plaintiff was handcuffed at this time.

Plaintiff claims that Whitton pulled Plaintiff out of the VFW by his shirt (causing it to tear even

more) and causing Plaintiff to remain off balance.  Plaintiff further alleges that Whitton

pushed Plaintiff against the rear passenger side of the police car, opened the door, and

pushed Plaintiff into the back seat of the car.

Defendants contend that, at the police station, Plaintiff resisted efforts to remove

him from the police vehicle and bring him into the station and that, as a result of Plaintiff's

resistance, Plaintiff and Whitton fell to the floor.  According to Plaintiff, Whitton opened the

rear door of the car, pulled Plaintiff out by his shirt, and slammed his face onto the hood of

the police car (causing Plaintiff to bite his tongue) and then onto the pavement, at which time Whitton "jumped off his feet and drove his right knee into plaintiff's left, upper chest and shoulder area, which was hard enough to cause plaintiff to deficate [sic] (shit) his pants. . . ." Pl. Mem. of Law at 3. Whitton then brought Plaintiff into the police station and pushed him to the floor. Whitton denies jumping on Plaintiff or otherwise assaulting him.

Plaintiff was charged with unlawfully dealing with a child, obstruction of governmental administration, and resisting arrest. Plaintiff pleaded guilty to resisting arrest in satisfaction of all charges and was incarcerated.

Based on the foregoing, Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983 claiming that he was falsely arrested and subjected to the excessive use of force. Presently before the Court is Defendants' motion for summary judgment seeking dismissal of the Complain in its entirety.

## II.      STANDARD OF REVIEW

Defendants move for summary judgment pursuant to Rule 56. It is well settled that, on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant is able to establish a prima

facie basis for summary judgment, the burden of production shifts to the party opposing

summary judgment who must produce evidence establishing the existence of a factual

dispute that a reasonable jury could resolve in his favor.  Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A party opposing a properly supported

motion for summary judgment may not rest upon "mere allegations or denials" asserted in his

pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on

conclusory allegations or unsubstantiated speculation.  Scotto v. Almenas, 143 F.3d 105,

114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motion.

**III.     DISCUSSION**

**a.     Fourth Amendment - False Arrest**

Plaintiff contends that he was stopped and arrested in violation of his Fourth

Amendment rights.  The existence of probable cause is a defense to a claim of false arrest.

Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).  Here, Whitton and Young, who

were familiar with Plaintiff, observed him to be in direct violation of the conditions of his

parole (violating his curfew).  Whitton and Young approached Plaintiff on the street.  Whitton

and Young were in contact with Plaintiff's parole officer who confirmed the conditions of

Plaintiff's parole.  Whitton and Young directed Plaintiff to go home.  Thereafter, Whitton

observed Plaintiff standing outside of the VFW.  Plaintiff admitted at deposition that "I just

knew that they were probably coming looking for me because I didn't go home yet.  You

know, I'm still out past my curfew. . . ."  Pl. Dep. at 84.  The facts that Plaintiff was twice seen

out beyond his curfew and to have been drinking alcohol provided Defendants with probable

cause (or, at the very least, arguable probable cause) to arrest Plaintiff for violating the conditions of his parole.  See United States v. Singleton, 608 F. Supp.2d 397, 405 (W.D.N.Y. 2009) (evidence that an individual was out past his parole curfew gives rise to probable cause to believe that the individual is violating the conditions of his parole, thereby justifying detention); Watson v. Cieslak, 2011 WL 446276, at *5 (S.D.N.Y. 2011); Lynch v. Graham, 2011 WL 5154143, at *8 (W.D.N.Y. 2011) ("Probable cause clearly existed for Petitioner's arrest based on his admission that he used cocaine and marijuana in violation of the conditions of his parole. . . .").  Because the officers acted with probable cause, the false arrest claim must be dismissed.

> **b.   Due Process**

Plaintiff asserts a due process claim, asserting that his rights were denied by Defendant Ayen's failure to permit Plaintiff to pursue criminal charges against Whitton for his alleged use of excessive force.  The undisputed facts in the record are that Plaintiff filed a complaint against Whitton and Ayen then investigated the complaint.  This included taking a supporting deposition from Plaintiff, obtaining medical records from Canton Potsdam Hospital, interviewing witnesses, and speaking with Whitton and Young.  Based on his investigation, Ayen made a determination that Whitton did not engage in any wrongdoing.

It is clear that Ayen acted upon Plaintiff's complaint.  Plaintiff was not constitutionally entitled to anything more.  "[T]here exists no constitutionally protected right to file criminal charges against another." Reeder v. Artus, 2010 WL 3636138, at *14 (N.D.N.Y. July 27, 2010)(citing Langworthy v. Dean, 37 F. Supp.2d 417, 422 (D. Md. 1999) ("[A] right to compel the prosecution of criminal activity does not exist.")).  Thus, to the extent that Plaintiff

claims Ayen or other officials are liable because they failed to act upon his request to compel criminal prosecution of another, such a claim is not cognizable.  See id.

### c.  Fourth Amendment - Excessive Force

Plaintiff also claims that, based on the facts described above, Jason Whitton used excessive force and that Young failed to prevent the use of such force.  While Defendants deny using any force in addition to that necessary to arrest Plaintiff, transport him to the police station, and process his arrest, Plaintiff testified at deposition to the facts set forth above.  Although the claim may be weak, has not been substantiated by medical records, and may not be likely to succeed at trial, the conflicting testimony creates a genuine issue of fact concerning whether Defendants used excessive force.  See Robison v. Via, 821 F.2d 913 (2d Cir. 1987) (testimony that police "yanked" the plaintiff and threw her up against the car sufficient to survive summary judgment).  Accordingly, the motion to dismiss the excessive force claim is denied.

### d.  Municipal Liability

Plaintiff seeks to hold the Village of Gouverneur responsible for any use of excessive force.[1]  Plaintiff fails to identify any unconstitutional policies, practices or customs that contributed to any violation of his rights.  See Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012) ("a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality. . . . Absent such a custom, policy, or usage, a municipality cannot

---

[1] Although Plaintiff seeks to hold the municipality liable for the other claimed constitutional violations, the Court has found no other such violations.  Accordingly, it is unnecessary to discuss municipal liability with respect to those other claims.

be held liable on a *respondeat superior* basis for the tort of its employee.").  "[I]solated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability."  Id. at 81.  Although Plaintiff alleges the Village failed to properly supervise its police officers, he offers insufficient evidence of widespread and persistent acts or a municipal policy necessary to establish a claim for municipal liability. Accordingly, this claim must be dismissed.

### e.   **David Whitton**

Plaintiff asserts claims against David Whitton, who was the Chief of Police.  There is insufficient evidence that Chief Whitton was personally involved in any of the acts alleged in the Complaint, was advised of the wrong and failed to remedy it, created an unconstitutional custom or policy that caused injury to Plaintiff, or otherwise acted with deliberate indifference or gross negligence sufficient to make him liable under 42 U.S.C. § 1983.  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  Accordingly, the claims against David Whitton are dismissed.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendants' motion is granted in part and denied in part. The claims for false arrest and a violation of Plaintiff's due process rights are dismissed.  The claims against the Village, David Whitton, and Gordon Ayens are dismissed.  The motion is denied as to the claim for the use of excessive force against Defendant Jason Whitton and the failure to intervene as to Young, which are the only remaining claims.

IT IS SO ORDERED.

Dated: December 3, 2012

Thomas J. McAvoy
Senior, U.S. District Judge